**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Marshall Spears, | No. CV-00-01051-PHX-SMM |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

The case is before the Court on remand from the Ninth Circuit Court of Appeals. (Doc. 140.) Pursuant to the remand order, Spears filed a motion in this Court seeking a stay of these federal habeas proceedings so that he could exhaust his "toolmarks" claim in state court. (Doc. 145.) The Court denied the motion and set a briefing schedule for the remaining remanded issues. (Docs. 152, 153.) In response, Spears filed the pending motion again seeking a stay while he pursues the toolmarks claim in state court, where he has now filed a successive petition for postconviction relief. (Doc. 154.) Respondents oppose a stay. (Doc. 155.)

At issue is Spears's unexhausted challenge to the trial testimony of the State's ballistics experts. In his first motion for stay, Spears argued that he had available remedies in state court under the exceptions to prelusion set forth in Rule 32.1(e) and (h) of the Arizona Rules of Criminal Procedure. Under Rule 32.1(e), a claim is not precluded where "[n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence." Rule 32.1(h) provides an exception to preclusion

where "[t]he defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt . . ." Ariz. R. Crim. P. 32.1(h).

In denying a stay, this Court found that the claim remained procedurally defaulted because it was not based on newly-discovered evidence and because Spears did not meet the standard for a showing of actual innocence. (Doc. 152.) The Court also found that the claim did not "relate back" for purposes of amending Spears's habeas petition. (*Id.*)

In the pending motion, Spears indicates that he has raised a claim under Rule 32.1(e) and (h) in his second PCR petition in state court. (Doc. 154 at 1.) The fact that Spears has now raised the claim in state court does nothing to change the analysis this Court used to deny his original motion for a stay to exhaust his toolmarks claim. A stay remains inappropriate because there are no available state court remedies and Spears has not met his burden of showing the claim is "potentially meritorious." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Accordingly,

**IT IS ORDERED** denying Spears's Motion to Stay (Doc. 154).

**DATED** this 4th day of December, 2017.

Honorable Stephen M. McNamee
Senior United States District Judge