**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Marshall Spears,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-00-01051-PHX-SMM<br><br>**ORDER**<br><br>DEATH PENALTY CASE |

Before the Court is Petitioner Anthony Marshall Spear's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e). (Doc. 204.) Spears seeks reconsideration of the Court's order denying his remanded habeas claims, specifically Claim 15(c) and 15(d), and the Court's denial of his request to stay these proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005). (*Id.*) Respondents oppose the motion (Doc. 207), which the Court will deny for the reasons that follow.

**A.  Applicable Law**

A motion to alter or amend judgment under Rule 59(e) is in essence a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016). A motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if the court is presented

with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs. *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (district court did not abuse its discretion by disregarding legal arguments and facts previously available but raised for the first time under Rule 59(e)). Nor is it appropriate for a party to ask the court to "rethink what the court ha[s] already thought through." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quotations omitted); *see, e.g.*, *Gulbrandson v. Shinn*, No. CV-22-00276-PHX-DLR, 2022 WL 1289303, at *1 (D. Ariz. Apr. 29, 2022).

Under the Rules of this District, motions to reconsider are granted only if the movant makes a showing of "manifest error or new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). A motion for reconsideration must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court" as well as "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id.* Motions for reconsideration must not "repeat any oral or written argument made by the movant in support of . . . the motion that resulted in the Order." *Id.*

**B.     Discussion**

Spears asserts that the Court the committed "manifest errors of fact and law," including erroneously finding that Claims 15(c) and (d) remained exhausted and were not

1 fundamentally altered by evidence presented in these habeas proceedings. (Doc. 204 at 3.) According to Spears, in denying a *Rhines* stay because his petition contained only exhausted claims and therefore was not mixed, this Court "misapprehend[ed] long-standing principles of federal habeas law and ignore[d] the full impact of the state-court proceedings." (*Id.*) He points to the fact that the state court has allowed him to file an amended PCR petition raising the same claims under the "good cause" standard of Rule 32.9 of the Arizona Rules of Criminal Procedure. (*Id.*; *see* Doc. 202, Ex. 1.)

Spears argues that comity requires that "when a state prisoner alleges a federal violation, the state courts should have the first opportunity to review the claim. . . ." (Doc. 204 at 3) (citing *Rose v. Lundy*, 455 U.S. 509, 515, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). The Court agrees. The state courts did have the first opportunity to review Claims 15(c) and (d). *See Shinn v. Ramirez*, 596 U.S. 366, 367 (2022) ("federal-state comity" is "promoted by affording States 'an *initial* opportunity to pass upon and correct alleged violations of prisoners' federal rights.'") (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*)) (emphasis added).

In the pending motion, Spears repeats his argument that Claims 15(c) and (d) have been fundamentally altered by the new evidence. In making this argument, however, Spears is simply asking the Court to rethink what it has already thought through. *Rezzonico*, 32 F.Supp.2d at 1116; *see* LRCiv. 7.2(g). Spears disagrees with the Court's conclusion, but that is an insufficient basis for seeking reconsideration under Rule 59(e). *Westlands Water Dist.*, 134 F.Supp.2d at 1131.

The fact that a state court has allowed Spears to file an amended PCR petition does not affect this Court's determination that Claims 15(c) and (d) have not been fundamentally altered under *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014) (en banc), and its progeny. Spears does not argue that the fundamentally-altered standard applied by federal habeas courts bears any relation to the state court's Rule 32.9 "good cause" standard for amending a PCR petition, or that the state court's decision to allow amendment here constituted a determination that the claims were "new" and unexhausted.

In his reply brief, Spears cites *Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005), for the proposition that Claims 15(c) and (d) "cannot be exhausted if the state courts are now considering them on the merits." (Doc. 207 at 3.) *Cassett* is inapposite. There the Ninth Circuit addressed the district court's determination that a claim was procedurally defaulted. The court reversed and remanded because the district court had made no findings as to whether the claim at issue was of sufficient constitutional magnitude to require a personal waiver under state procedural rules and whether such a waiver had been made. 406 F.3d at 622. The Ninth Circuit recognized that such an assessment "often involves a fact-intensive inquiry," which the "Arizona state courts are better suited to make. . . ." *Id.* The court concluded, therefore, that the claim was not procedurally defaulted because it was "not clear that the Arizona courts would hold [the claim] barred. . . ." *Id.* at 623.

By contrast, in Spears's case, as explained above, this Court's determination that Claims 15(c) and (d) have not been fundamentally altered from the claims previously raised and denied on the merits in state court, and therefore remain exhausted, is independent of any factual or legal findings arising from Spears's amended PCR petition.

**C.     Conclusion**

Spears has failed to establish the "highly unusual circumstances" that would necessitate granting a motion under Rule 59(e) based on manifest error by the Court. *See Wood*, 759 F.3d at 1121. His motion to alter or amend is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** Spears's motion to alter or amend the judgment pursuant to Rule 59(e) (Doc. 204) is **DENIED**.

Dated this 13th day of May, 2024.

_____
Honorable Stephen M. McNamee
Senior United States District Judge